IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| TDR PORTLAND PROPERTY, LLC, a Delaware limited liability company; CASTLE TIRE DISPOSAL, LLC, an Oregon limited liability company; and CASTLE ARDEN 1, LLC, an Oregon limited liability company, | ) ) ) ) ) ) | Case No. 25CV65364  SUMMONS |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| OHIO CASUALTY INSURANCE COMPANY, a New Hampshire corporation, | ) ) ) | |
| Defendant. | ) | |

**TO:  OHIO CASUALTY INSURANCE COMPANY**
c/o Corporation Service Company, Registered Agent
1127 Broadway St. NE, Suite 310
Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff will apply to the court for the relief demanded in the complaint.

| | |
|---|---|
| **NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!** | |
| | s/Gabriel J. Le Chevallier |
| | Signature of attorney for Plaintiff |
| You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal document called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff. | Gabriel J. Le Chevallier         140553 |
| | Attorney's name                 Bar No. |
| | Paternoster Farnell & Grein, LLP |
| | Firm name |
| | 1030 SW Morrison Street |
| | Portland, OR 97205     (503) 222-1812 |
| | Address                         Phone |
| If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636. | (503) 274-7979    glechevallier@pfglaw.com |
| | Fax                      Attorney's email |
| | |
| | Trial attorney if other than above    Bar No. |

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the amended complaint to Defendants mentioned therein, upon the individual(s) or legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

s/Gabriel J. Le Chevallier
Gabriel J. Le Chevallier, OSB No.140553
*Of Attorneys for Plaintiffs*

According to ORCP 7A, "a true copy of a summons and complaint" means an exact and complete copy of the original document. No signed certification to that effect is necessary.

12/10/2025 5:41 PM
25CV65364

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| TDR PORTLAND PROPERTY, LLC, a Delaware limited liability company; CASTLE TIRE DISPOSAL, LLC, an Oregon limited liability company; and CASTLE ARDEN 1, LLC, an Oregon limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> OHIO CASUALTY INSURANCE COMPANY, a New Hampshire corporation, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br> **(Declaratory Judgment; Breach of Contract; Breach of Duty of Good Faith and Fair Dealing; and Negligence)** <br><br> Prayer: Not less than $7,000,000 <br><br> Fee Authority: ORS 21.160(1)(d) <br><br> NOT SUBJECT TO MANDATORY ARBITRATION |

Plaintiffs TDR Portland Property LLC ("TDR Portland"), Castle Tire Disposal, LLC ("Castle Tire"), and Castle Arden 1, LLC ("Castle Arden") (together, "Plaintiffs"), for their Complaint against Defendant Ohio Casualty Insurance Company ("Ohio Casualty") state as follows:

## NATURE OF THE ACTION

1.

This is an action for breach of contract and bad faith. The action arises out of an insurance coverage dispute between Plaintiffs and Ohio Casualty regarding coverage for property damage occurring at a building located at 900 N. Thunderbird Way, Portland, OR 97227 (the "Property").

PAGE 1 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

Exhibit A, 2 of 17

1                                                         2.

2          Castle Arden purchased the Property in 2021 and subsequently leased the Property to

3   TDR Portland, a wholly owned subsidiary of Castle Tire (together, "Castle Tire") to use in

4   connection with Castle Tire's tire recycling and shipping operations. Under the triple-net lease,

5   Castle Tire was obligated to obtain property insurance for the Property that named Castle Arden

6   as a loss payee.

7                                                         3.

8          Pursuant to the lease agreement, Castle Tire obtained commercial property insurance

9   from Ohio Casualty that covers the Property. At all relevant times, Castle Tire used the Property

10  for its customary operations.

11                                                        4.

12         On April 21, 2023, Plaintiffs discovered that the Property had been burglarized and that

13  the suspects had broken into the main electrical room and throughout the building to steal

14  electrical wiring. In the process of stealing the wire and/or as part of the breaking and entering,

15  however, the suspects caused significant damage to essentially all electrical components in the

16  building, including, but not limited to, electrical boxes, conduits, and control panels. It is

17  expected to cost approximately $7 million to fix the property damage.

18                                                        5.

19         In November 2025, Ohio Casualty denied coverage on the basis that Plaintiffs allegedly

20  provided late notice and that Ohio Casualty was prejudiced by that late notice. Contrary to Ohio

21  Casualty's assertions, however, in the summer of 2023, in connection with another loss,

22  Plaintiffs made Ohio Casualty aware of the theft loss (the "Loss") and Ohio Casualty inspected

23  and took pictures of the Loss. Ohio Casualty, however, never opened a claim file and performed

24  no further investigation or adjustment of the Loss.

25

26

PAGE 2 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

Exhibit A, 3 of 17

6.

2  Ohio Casualty has unreasonably denied coverage for the loss and failed to comply with
3  its contractual and statutory obligations.

4  7.

5  Plaintiffs have suffered damages as a result of Ohio Casualty's breach of its contractual
6  obligations to them, as well as Ohio Casualty's negligence. Plaintiffs, therefore, seek damages,
7  interest, costs, attorney fees, and any such other relief as this Court deems just and proper.

8  **THE PARTIES**

9  8.

10  TDR Properties Portland, LLC is a limited liability company organized under the laws of
11  Delaware with its principal place of business in Oregon. At the time of the Loss, TDR Properties
12  was the tenant of the property and an insured under the Ohio Casualty policy.

13  9.

14  Castle Tire Disposal, LLC is a limited liability company organized under the laws of
15  Oregon with its principal place of business in Oregon. Castle Tire Disposal is the first named
16  insured under the Ohio Casualty policy and is the parent company of and/or successor to certain
17  assets of TDR Properties Portland. As such, Castle Tire Disposal is a real party in interest with
18  respect to the parties' rights and obligations under the Ohio Casualty policy.

19  10.

20  Castle Arden, LLC is a limited liability company organized under the laws of Oregon
21  with its principal place of business in Oregon. At the time of the Loss, Castle Arden was the
22  owner of the Property insured by Ohio Casualty's policy and was to be a loss payee under the
23  policy. As such, Castle Arden is a real party-in-interest with respect to the parties' rights and
24  obligations under the Ohio Casualty policy.

25
26

PAGE 3 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

Exhibit A, 4 of 17

1   11.

2   Upon information and belief, Ohio Casualty is a corporation organized under the laws of
3   New Hampshire with its principal place of business in Massachusetts.

4   **JURISDICTION AND VENUE**

5   12.

6   The Multnomah County Circuit Court has jurisdiction over Plaintiffs' claims pursuant to
7   Rule 4 of the Oregon Rules of Civil Procedure, ORS 28.010 *et seq.*, and ORS 14.030 *et seq.*

8   13.

9   This Court has personal jurisdiction over Ohio Casualty pursuant to Rule 4 of the Oregon
10  Rules of Civil Procedure. At all relevant times, Ohio Casualty transacted insurance in Oregon
11  within the meaning of the Oregon Insurance Code, ORS 731.146.

12  14.

13  Venue is proper in this Court under ORS 14.030 *et seq.* Upon information and belief,
14  Ohio Casualty conducted regular, sustained business in Multnomah County.

15  **FACTUAL ALLEGATIONS**

16  15.

17  To protect itself from property damage to the Property, Castle Tire paid substantial
18  premiums to purchase commercial property coverage from Ohio Casualty.

19  16.

20  Ohio Casualty issued to Castle Tire the insurance policy numbered BKO (23) 58957060 with
21  effective dates of July 1, 2022 to July 1, 2023 (the "Policy"). The Policy identifies Castle Tire
22  and TDR Portland as Named Insureds for the Property.

23  17.

24  When it issued the Policy, Ohio Casualty knew that Castle Arden was the owner of the
25  Property and that insurance coverage was required under Castle Arden's triple-net lease with
26

PAGE 4 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

1 Castle Tire. Despite requests to add Castle Arden as a loss payee under the Policy, however,
2 Ohio Casualty, without any explanation, failed to do so.
3                                          18.
4     Under the Policy, Ohio Casualty agreed to "pay for direct physical loss of or damage to
5 Covered Property at the premises described in the Declarations caused by or resulting from any
6 Covered Cause of Loss."
7                                          19.
8     The Policy defines "Covered Property" to mean "the building or structure described in
9 the Declarations," including, among other property, "Completed additions," "Fixtures," and
10 "Permanently installed: (a) Machinery; and (b) Equipment."
11                                         20.
12    The Policy's Declarations describe the Property, located at 900 N. Thunderbird Way, as
13 covered premises subject to the Policy's "Special Form – Including Theft."
14                                         21.
15    Under the Policy, "[w]hen Special is shown in the Declarations, Covered Causes of Loss
16 means direct physical loss unless the loss is excluded or limited in this policy."
17                                         22.
18    The Policy does not contain any exclusions applicable to the Loss.
19                                         23.
20    On the morning of April 21, 2023, when employees arrived at work, they discovered that
21 the business had been burglarized. Sometime through the night, suspects broke into the Property
22 by cutting metal panels on the building and forcing entry into the electrical power room. Once
23 inside the building, the suspects cut and removed electrical wiring and components. In the
24 process of stealing electrical wires and components, however, the suspects also cut through
25 conduits and control panels, removed feeders, MCC buckets, and busbars, and damaged the
26 entirety of the Property's electrical system.

PAGE 5 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

Exhibit A, 6 of 17

24.

The expected cost of repairing the property damage is $6,985,322.

25.

On July 10, 2023, Ohio Casualty, along with Plaintiffs, conducted a site visit of the Property to investigate damage to the property resulting from a fire in November 2022. During the July 10, 2023 inspection, Plaintiffs made Ohio Casualty aware of the Loss. Ohio Casualty noticed, investigated, and documented, as shown, in part, in the photographs below, the property damage to the main building resulting from the April 2023 theft.

**Liberty Mutual Insurance**
PO Box 5014
Scranton, PA 18505-5014
Fax: (888) 268-8840

**7-10-23 Inspection:**



PAGE 6 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

Exhibit A, 7 of 17

**Liberty Mutual Insurance**
PO Box 5014
Scranton, PA 18505-5014
Fax: (888) 268-8840

**7-10-23 Inspection :**

26.

As a result of Ohio Casualty investigating and documenting the property damage from the theft claim, Plaintiffs reasonably believed that Ohio Casualty opened and was in the process of adjusting the Loss. Ohio Casualty was, at the very least, on notice and aware of the Loss at that point.

27.

On or around March 1, 2025, however, Plaintiffs contacted Ohio Casualty to request the tolling of the suit limitation period for the Loss. Ohio Casualty responded that it did not have a claim opened for the April 2023 theft in its system at that time. Ohio Casualty subsequently opened a new claim, number 24252756, for the Loss and agreed to extend the suit limitations period for the Loss.

28.

On April 1, 2025, Ohio Casualty conducted another site visit of the Property to investigate the same damage to the Property resulting from the April 2023 Loss.

29.

On November 18, 2025, Ohio Casualty denied coverage for the Loss.

PAGE 7 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

Exhibit A, 8 of 17

30.

One basis for Ohio Casualty's denial was that it allegedly suffered prejudice by late notice. Ohio Casualty, however, has essentially misrepresented that it first learned about the Loss in March 2025. In fact, Ohio Casualty performed an investigation of the Loss in 2023 and never informed Plaintiffs that more had to be done to perfect the coverage claim.

31.

The other basis for Ohio Casualty's denial was the Policy's vacancy provision. Although the Property was being used for Castle Tire's customary operations, Ohio Casualty claimed that, under the vacancy provision, "theft/vandalism" is excluded under the Policy because, at the time of the theft, 31% of the building was not occupied and being used "for its customary operations of a grain complex." That portion of the vacancy provision only applies when the policy is issued to the "owner or general lessee of a building," and Castle Tire was a tenant of the Property, which means that that portion of the vacancy provision does not apply. Moreover, when Ohio Casualty issued the Policy, it knew that the Property was not being used as a "grain complex" but for Castle Tire's tire recycling and shipping operations. And had Ohio Casualty performed an adequate investigation, it would have discovered that Castle Tire not only used the entire Property for its customary operations but also accessed and used the grain silos in connection with the shipping of tires.

32.

As a result of Ohio Casualty's failure to timely and adequately investigate and adjust the Loss, Plaintiffs lost the opportunity to repair the Property before it was sold in October 2025.

33.

As a result of its breaches of its contractual, good faith, and statutory obligations, and its negligence, Ohio Casualty has deprived Plaintiffs of the benefits of the Policy and caused them to suffer consequential damages.

PAGE 8 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812  FAX: (503) 274-7979

Exhibit A, 9 of 17

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment

34.

Plaintiffs reallege and incorporate as though set forth fully herein the allegations in each of the paragraphs above.

35.

Actual and justiciable controversies exist as to the rights and duties of the parties.

36.

Actual and justiciable controversies exist as to whether Ohio Casualty owes coverage obligations to the Insureds.

37.

The Insureds request that this Court grant declaratory relief in their favor and enter a judicial determination Ohio Casualty does have an obligation to provide coverage to the Insureds for the Loss under the Policy.

38.

Pursuant to ORS 742.061, Plaintiffs are entitled to an award of their attorneys' fees, costs, and disbursements incurred as a result of Ohio Casualty's breach and in connection with this action.

## SECOND CLAIM FOR RELIEF

### Breach Of Contract

39.

Plaintiffs reallege and incorporate as though set forth fully herein the allegations in each of the paragraphs above.

PAGE 9 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

Exhibit A, 10 of 17

40.

The Policy is a valid and enforceable contract of insurance, under which Castle Tire and TDR Portland Properties are Named Insureds and under which Property owned by Castle Arden was insured.

41.

Plaintiffs fully performed and/or satisfied all obligations and conditions precedent under the Policy, except any that were waived and/or excused by Ohio Casualty, or as to which performance was prevented or no longer required due to Ohio Casualty's conduct.

42.

The Policy obligates Ohio Casualty to pay for the entirety of the loss and damage suffered by Plaintiffs as a result of the theft, which is a covered cause of loss under the Policy.

43.

Ohio Casualty's unreasonable denial and failure to pay for the loss or damage resulting from the theft constitutes a breach of contract.

44.

As a foreseeable and direct consequence of Ohio Casualty's contractual breach, Plaintiffs have suffered, and continue to suffer, substantial actual damages, consequential damages, and out-of-pocket expenses in an amount to be proven at trial, but not less than $6,985,322.

45.

Pursuant to ORS 742.061, Plaintiffs are entitled to an award of their attorneys' fees, costs, and disbursements incurred as a result of Ohio Casualty's breach and in connection with this action.

PAGE 10 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

Exhibit A, 11 of 17

## THIRD CLAIM FOR RELIEF

**Breach of Duty of Good Faith and Fair Dealing**

46.

Plaintiffs reallege and incorporate as though set forth fully herein the allegations in each of the paragraphs above.

47.

The Policy, like every contract in the State of Oregon, contains an implied duty of good faith and fair dealing that obligates Ohio Casualty to act in good faith in handling any claim made by its insured and to refrain from taking any actions that interfere with Plaintiffs' right to enjoy the full benefits provided by the Policy and law.

48.

Ohio Casualty's claim handling as alleged herein constitutes a breach of its contractual duty to act in good faith and deal fairly with its insureds, including but not limited to: applying an unreasonable interpretation of the Policy's terms and conditions; unreasonably refusing to pay for loss covered by the Policy; failing to investigate Plaintiffs' claim in a reasonable and timely manner; refusing to acknowledge and/or failing to open Plaintiffs' claim despite being on notice of, and, in fact, having inspecting the damage.

49.

For example, on July 10, 2023, Ohio Casualty investigated the Property and documented the damage from the theft. When Plaintiffs later inquired as to the status of the theft claim, Ohio Casualty not only ignored that it had been on notice of the claim for almost two years, but it requested to investigate the same damage for a second time. Even after investigating the damage for a second time, Ohio Casualty falsely claimed that, due to the late notice, it was unable to determine the scope of the damage.

PAGE 11 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

Exhibit A, 12 of 17

1    50.

2    In its denial, Ohio Casualty also claimed that its "vacancy" provision requires a specific level of occupation and use for "grain silo operations," despite the Policy explicitly identifying the Caste Tire's business as "Tire Recycling" and "NOC," or not otherwise classified.

51.

Ohio Casualty also knew the Property was not vacant at the time of the theft because the employees reported the theft upon arriving to work the following morning.

52.

Ohio Casualty failed to offer any explanation, reasonable or otherwise, for its failure to acknowledge and/or respond to the theft claim or its unreasonable refusal to provide coverage for loss covered by the Policy.

53.

As a foreseeable and direct consequence of Ohio Casualty's breach of its obligations of good faith and fair dealing, Plaintiffs have suffered, and continue to suffer, substantial actual damages, consequential damages, and out-of-pocket expenses in an amount to be proven at trial, but not less than $6,985,322.

54.

Pursuant to ORS 742.061, Plaintiffs are entitled to recover their reasonable attorneys' fees incurred in pursuit of coverage, including this lawsuit. Plaintiffs are also entitled to prejudgment interest at a rate of nine percent per annum until paid.

## FOURTH CLAIM FOR RELIEF

### Negligence

55.

Plaintiffs reallege and incorporate as though set forth fully herein the allegations in each of the paragraphs above.

PAGE 12 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

Exhibit A, 13 of 17

56.

Oregon's Unfair Claim Settlement Practices Act, ORS 746.230, provides in relevant part as follows:

> (1) An insurer or other person may not commit or perform any of the following unfair claim settlement practices:
>
>   a) Misrepresenting facts or policy provisions in settling claims:
>
>   b) Failing to acknowledge or act promptly upon communications relating to claims:
>
>   c) Failing to adopt and implement reasonable standards for prompt investigations of claims;
>
>   d) Refusing to pay claims without conducting a reasonable investivations based on all available information;
>
>   e) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been submitted;
>
>   f) Not attempting in good faith, to promptly and equitably settle claims in which liability has become reasonably clear;
>
>   . . .
>
>   g) Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimant;
>
>   . . .
>
>   m) Failing to promptly provide the proper explanation or basis relied on in the insurance policy in relation to the facts or the applicable law for the denial of the claim . . . .

57.

ORS 746.230 establishes a standard of care for the handling of insurance claims. Ohio Casualty's handling of the theft claim implicates each of the above prohibited acts. Ohio Casualty's unilateral, self-interested, and unreasonable delay and refusal to pay for the actual loss from the theft was not the product of reasonable standards for the prompt investigation of

PAGE 13 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

claims. Ohio Casualty's refusal to acknowledge notice of the theft claim when Ohio Casualty had, in fact, already investigated and documented the damage is not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear. Ohio Casualty's denial of coverage based on its statement that a building must be "occupied" is an obvious misrepresentation of the Policy's provision and facts. This is not an exhaustive recitation of Ohio Casualty's unfair claim settlement practices, and Plaintiffs reserve the right to supplement this list prior to trial.

58.

Plaintiffs are members of the class of persons meant to be protected by ORS 746.230(1). ORS 731.008 provides that the Insurance Code was enacted "for the protection of the insurance-buying public," and ORS 746.230(1) is part of that Insurance Code.

59.

Plaintiffs seek to remedy the type of harm ORS 746.230 was enacted to prevent.

60.

As a foreseeable and direct consequence of Ohio Casualty's violations of ORS 746.230, Plaintiffs have suffered, and continue to suffer, substantial actual damages, consequential damages, and out-of-pocket expenses in an amount to be proven at trial but not less than $6,985,322.

61.

Pursuant to ORS 742.061, and as damages caused by Ohio Casualty's violations of ORS 746.230(1), Plaintiffs are entitled to recover their reasonable attorneys' fees incurred in pursuit of coverage, including this lawsuit. Plaintiffs are also entitled to prejudgment interest at a rate of nine percent per annum until paid.

**JURY DEMAND**

62.

Plaintiffs hereby demand a jury trial on all issues so triable.

PAGE 14 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
TELEPHONE (503) 222-1812 FAX: (503) 274-7979

**PRAYER FOR RELIEF**

1. WHEREFORE, Plaintiffs demand and pray for judgment in their favor and against Ohio Casualty as follows:

    a. Damages in an amount to be proven at trial, but in no event less than $7 million;

    b. Attorneys' fees, court costs, and litigation costs;

    c. Pre- and post-judgment interest; and

    d. Such other expenses and relief as this Court deems just and equitable.

Dated this 10th day of December, 2025.

PATERNOSTER FARNELL & GREIN, LLP

/s/ Gabriel J. Le Chevallier
Gabriel J. Le Chevallier, OSB No. 140553
B. Parker Jones, OSB No. 119163
1030 SW Morrison Street
Portland, OR 97205
Telephone: (503) 222-1812
Email: glechevallier@pfglaw.com
Email: pjones@pfglaw.com

*Attorneys for Plaintiffs*

PAGE 15 – COMPLAINT

PATERNOSTER FARNELL & GREIN, LLP
Attorneys at Law
1030 SW Morrison Street
Portland, Oregon 97205
Telephone (503) 222-1812 Fax: (503) 274-7979

Exhibit A, 16 of 17

# IN THE CIRCUIT COURT OF THE STATE OF OREGON
# FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| TDR PORTLAND PROPERTY, LLC; CASTLE TIRE DISPOSAL, LLC; and CASTLE ARDEN 1, LLC,<br><br>    Plaintiff/Petitioner,<br><br>vs.<br><br>OHIO CASUALTY INSURANCE COMPANY,<br><br>    Defendant/Respondent. | Case No.: 25CV65364<br><br>DECLARATION OF SERVICE OF **Summons and Complaint** |

I hereby declare that I made service of the above-described documents upon the individuals and other legal entities to be served, names below, by delivering or leaving true copies of said Document(s) mentioned therein, as follows:

**Service on Corporations, Limited Partnerships, Limited Liability Companies or Unincorporated Associations Subject to Suit Under a Common Name**

    Upon **Ohio Casualty Insurance Company**, by personal service upon **Christina Hammock**, **Service of Process Technician,** authorized to accept**,** who was the clerk on duty at the office of **Corporation Service Company,** who is the **Registered Agent** thereof. Service was made at **1127 Broadway St. NE, Ste. 310, Salem, OR**, on **Monday, December 15, 2025**, at **11:40 AM**.

I further declare that the above statement is true to the best of my knowledge and belief, and I understand that it is made for use as evidence in court and is subject to penalty for perjury. I declare that I am a competent person 18 years of age or older and a resident of the state of service or the State of Oregon, and that I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise; and that the person, firm or corporation served by me is the identical person, firm or corporation named in the action.

    Dated **December 15, 2025**

    Signed _____

    Keith Miller
    for MercuryPDX
    PO Box 2274
    Portland, OR 97208
    503-247-8484

Page 1 of 1 – DECLARATION OF SERVICE